IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ZACHARY GLEN HOVEN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | CV 15-00072-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Zachary Hoven has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 2). The motion to proceed in forma pauperis will be granted. The only named Defendant, Montana State Prison, is entitled to Eleventh Amendment immunity. Amendment of Mr. Hoven's claims would be futile; therefore, this matter should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Hoven has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Docs. 1, 4.) The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Mr. Hoven must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Hoven submitted an account statement

1

showing average monthly deposits of $310.32 over the six-month period immediately preceding the filing of his Complaint (December 1, 2014—May 11, 2015). (Doc. 1.) Therefore, Mr. Hoven must pay an initial partial filing fee of $62.06. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Hoven to collect the initial partial filing fee from Mr. Hoven's account and forward it to the Clerk of Court.

Thereafter, Mr. Hoven must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Hoven to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Hoven is a state prisoner proceeding without counsel. The only named Defendant is Montana State Prison.

### B. Allegations

Mr. Hoven alleges he served five years, nine months, and 29 days on a five-

year sentence. He contends his discharge date was miscalculated when he arrived at Montana State Prison. He seeks monetary damages for his allegedly wrongful incarceration. (Doc. 2 at 2.)

**C. Procedural Background**

Mr. Hoven filed a petition for a writ of habeas corpus in the Montana Supreme Court in 2013 in which he raised the same claims as brought herein. The Montana Supreme Court set forth the procedural background of this matter as follows:

> In 2005, Hoven was convicted as a juvenile and resentenced in Yellowstone County Cause No. DC 06-0845 of a variety of misdemeanor and felony offenses, for which he was placed on probation until he reached the age of 25. Hoven was arrested for committing several other offenses in Yellowstone County. In Cause No. DC-06-0860, in exchange for dismissal of two counts, Hoven pled guilty to three separate counts of felony deceptive practices. The court imposed a five-year DOC commitment on one count, and five-year suspended sentences on each of the other counts, to run consecutively with the five-year DOC commitment. The Judgment and Order also specified the five-year DOC commitment would run consecutively with the sentence in DC 06-0845. Hoven received 254 days of jail credit.
>
> In DC 06-0845, the District Court revoked the suspended sentence and resentenced Hoven to the custody of DOC pursuant to § 46-18-201, MCA, until the age 25, to be placed in "an appropriate community based program, facility or a State Correctional Institution." The sentence was specified to run concurrently with the sentence in DC 08-0860, and 246 days of jail credit.

3

> Per the sentence calculation information Hoven provided in the
> supplemental filing, DOC calculated the prison term in DC 06-0860
> to expire on October 24, 2011, and the sentence in DC 06-0845 to
> discharge on Hoven's 25th birthday, August 10, 2012, when he was
> released from prison.

*Hoven v. Warden Kirkegard*, Mont. S.Crt OP 13-0373 (August 13, 2013)

(footnotes omitted).

The Montana Supreme Court denied Mr. Hoven's 2013 habeas petition, finding that the discharge of Mr. Hoven's prison terms in Cause No. DC-06-0860 (October 24, 2011) and in Cause No. DC-06-0845 (August 10, 2012) rendered the case moot. *Id.*

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Hoven is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

**B. Analysis**

There are several problems with Mr. Hoven's Complaint. First, the only named Defendant is Montana State Prison, a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The United States Supreme Court has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico*

*Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Hoven, however, is not seeking prospective relief.

28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a case if, like in this case, a plaintiff seeks monetary relief from a defendant who is immune from such relief. However, these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court may only decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, any amendment would be futile. Although Mr. Hoven could potentially name an individual at the Prison allegedly responsible for the calculation of his sentence, any such allegations would fail to state a claim upon which relief could be granted. An over-detention caused by an erroneous calculation of a prisoner's release date may be a violation of a prisoner's Eighth

6

and Fourteenth Amendment rights. *Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985). However, prison officials are entitled to rely on state statutes and criminal judgments received from the court in their sentencing calculations. *Alston v. Read*, 663 F.3d 1094, 1100 (9th Cir. 2011). Mr. Hoven does not take issue with the manner in which prison officials calculated his sentence; rather, he contends his sentence was illegal because the sentence in DC-06-0845 (his juvenile cases) exceeded five years. The Judgment in DC-08645 clearly indicates that Mr. Hoven was committed to the Department of Corrections "until the age of twenty-five." (October 9, 2007 Judgment, Doc. 2-1 at 5.) According to the Montana Supreme Court, Mr. Hoven was released on his twenty-fifth birthday in compliance with that judgment. The prison officials cannot be held liable for following the October 9, 2007 Judgment.

The Court cannot conceive of any other potential defendants in this matter who would not be entitled to immunity.[1]

---

[1] Prosecuting attorneys "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (internal citations omitted)). Similarly, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986))

## IV. CONCLUSION

Montana State Prison is entitled to Eleventh Amendment immunity and should be dismissed. As the defects in Mr. Hoven's Complaint could not be cured by further amendment, the Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because Mr. Hoven cannot state a claim upon which relief may be granted.

### B. Address Changes

At all times during the pendency of this action, Mr. Hoven must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Hoven's Motion for Leave to Proceed in forma pauperis (Doc. 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED," and the Complaint is deemed filed on July 29, 2015.

Further the Court issues the following:

## RECOMMENDATIONS

1. Mr. Hoven's Complaint (Doc. 2) should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Hoven's failure to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hoven may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of September, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.